UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ALVIN MONTGOMERY, | ) | |
| | ) | |
| Plaintiff, | ) | 17 C 3668 |
| | ) | |
| vs. | ) | Honorable Judge |
| | ) | Thomas M. Durkin |
| CORRECTIONAL OFFICER WICZ, | ) | |
| SGT. JUDGE, DIV 10 MEDICAL STAFF | ) | |
| (NAME UNKNOWN), AND THE COOK | ) | |
| COUNTY DEPARTMENT OF | ) | |
| CORRECTIONS, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS ANSWER TO PLAINTIFF'S FOURTH AMENDED COMPLAINT**

Now come Defendants, Correctional Officer Wicz, Sergeant Judge, and DDS Jack Liu, by their attorney KIMBERLY M. FOXX, State's Attorney of Cook County, through her Assistant State's Attorney, Michael Gorman, and answers Plaintiff's Fourth Amended Complaint as follows:

**COUNT I - FEBRUARY 25, 2017**

**APPLICABLE LAW**

1. This suit is brought pursuant to 42 USC § 1983.

**Answer**: Defendants admit that Plaintiff purports to bring this action pursuant to the 42 U.S.C. Section 1983 but deny liability for such claims.

**PARTIES**

2. Plaintiff is currently and inmate in the Cook County Department of Corrections.

**Answer**: Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 2.

3. Officer Wicz is a correctional officer for Cook County.

**Answer**: Defendants admit the allegations contained in Paragraph 3 but deny any liability for Plaintiff's claims.

4. Sgt. Judge is a correctional officer for Cook County.

**Answer**: Defendants admit the allegations contained in Paragraph 4 but deny any liability for Plaintiff's claims.

5. An unnamed, yet to be identified, Division 10 medical staff member is also an employee of Cook County.

**Answer**: Defendants admit the allegations contained in Paragraph 5 but deny any liability for Plaintiff's claims.

6. The Cook County Department of Corrections is the owner and operator of the Correctional Facility.

**Answer**: An unnamed, yet to be identified, Division 10 medical staff member is also an employee of Cook County.

**FACTS OF THE OCCURRENCE**

7. On February 25, 2017, Plaintiff was an inmate at Cook County Jail, Cook County Department of Corrections.

**Answer**: Defendants admit the allegations contained in Paragraph 8.

8. Two other inmates created a solution of feces and other substances. (Herein "the Solution.)

**Answer**: Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 8.

9. The other inmates sprayed the Solution upon the Plaintiff while he was in the custody of the County and in his jail cell.

**Answer**: Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 9.

10. The Solution was sprayed upon Plaintiff's face, hair, clothes and property.

**Answer**: Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 10.

11. After the attack, Plaintiff alerted Correctional Officer Wicz who had then promised to, "deal with it immediately."

**Answer**: Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 11.

12. However, Plaintiff and his cellmate were caused to sit in their cell covered with the Solution of feces and other substances for two hours waiting for a response team to arrive.

**Answer**: Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 12.

13. Thereafter, another officer was advised of what had happened with the Solution, and then Plaintiff and his cellmate were escorted to a medical unit.

**Answer**: Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 13.

14. At the healthcare unit, Defendant Judge advised the Plaintiff and his cellmate that the nurse on call refused to see them and provide medical treatment.

**Answer**: Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 14.

15. Plaintiff was then returned to his filthy cell.

**Answer**: Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 15.

16. Cook County, Illinois, through its agents, Sgt. Judge, Office Wicz, and the unnamed Division 10 medical staff acted with deliberate indifference to the health, safety and medical needs of the Plaintiff in the following respects:

    a. Allowed the other inmates to spray him with the Solution;

    b. Caused him to sit in his cell for two hours awaiting assistance;

    c. Refused to provide him medical care and treatment through the medical staff on call.

    d. Put him back in the filthy Solution coated cell.

    **Answer**:     Defendants deny the allegations contained in Paragraph 16.

17. As a direct and proximate result of the deliberate indifference to his health, safety and medical needs, Plaintiff has been injured in the following respects: Loss of hair; rashes, and other ill effects of having the Solution sprayed upon him without having immediate ability to receive medical treatment and have the Solution cleaned off of him and his belongings.

    **Answer**:     Defendants deny the allegations contained in Paragraph 17.

18. As a direct and proximate result of the deliberate indifference of the Defendants, Plaintiff was exposed to a risk of damage to his future health.

    **Answer**:     Defendants deny the allegations contained in Paragraph 18.

19. As a direct and proximate result of the acts and omissions of the Defendants, the Plaintiff has sustained injuries and will in the future incur medical care and damages including bodily injury, medical expenses and potentially loss of earnings.

    **Answer**:     Defendants deny the allegations contained in Paragraph 19.

    WHEREFORE, the Plaintiff demands judgment against the Defendants; attorney's fees, and reasonable incurred in this litigation.

**Answer**: Defendants deny the allegations that Plaintiff is entitled to judgment against Defendants and deny that Plaintiff is entitled to any damages as a result thereof.

## COUNT II – FEBRUARY 16, 2016

### APPLICABLE LAW

1. This suit is brought pursuant to 42 USC § 1983.

**Answer**: Defendants admit that Plaintiff purports to bring this action pursuant to the 42 U.S.C. Section 1983 but deny liability for such claims.

### PARTIES

2. Plaintiff is currently an inmate in the Cook County Department of Corrections.

**Answer**: Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 2.

3. Jack Liu, DDS, is a dentist working and performing services on behalf of the Cook County Dental Department in the Department of Corrections.

**Answer**: Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 3.

4. The Cook County Department of Corrections is the owner and operator of the Correctional Facility.

**Answer**: Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 4.

## FACTS

5. DDS Liu had attempted to repair Plaintiff's tooth with a filling.

**Answer**: Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 5.

6. On February 16, 2016, the filling in Plaintiff's tooth caused pain and loosened.

**Answer**: Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 6.

7. Plaintiff requested immediate dental care due to the urgency of the situation and significant pain.

**Answer**: Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 7.

8. Plaintiff was denied immediate care for his dental problem.

**Answer**: Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 8.

9. On or about February 27, 2016, Plaintiff was admitted to the Cook County Dental Clinic for cleaning and treatment.

**Answer**: Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 9.

10. On February 27, 2016, the dental hygienist advised Plaintiff that the filling and the tooth did not look healthy.

**Answer**: Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 10.

11. Dentist Taylor, also with the Dental Clinic for the Cook County Jail, advised Plaintiff that the filling was loose and about to fall out.

**Answer**: Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 11.

12. DDS Taylor advised Plaintiff that due to the large hole in his tooth created to facilitate the now loose filling, he could not repair the tooth.

**Answer**: Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 12.

13. Plaintiff has been informed and advised that had he been provided access to a dentist within one or two days of the development of his pain on February 16, 2016, then the filling could have been replaced without further damage to the tooth.

**Answer**: Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 13.

14. Had Plaintiff's tooth been fully replaced in a timely manner, then Dentist Taylor would not have had to extract a tooth.

**Answer**: Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 14.

15. Plaintiff has filed appropriate requests for dental care, which went unheeded during the relevant timeframe.

**Answer**: Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 15.

16. Plaintiff filed appropriate grievances with the Cook County Department of Corrections system that went unheeded.

**Answer**: Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 16.

17. The Cook County Department of Corrections acted with deliberate indifference to Plaintiff's health and safety needs by not properly allowing or providing proper dental treatment in a timely fashion.

**Answer**: Defendants deny the allegations contained in Paragraph 17.

18. Cook County Correctional Center, through Dentist Liu, acted with disregard for the health and safety of the Plaintiff in the following fashions:

a. provided Plaintiff a dental filling in an improper and unsafe manner;

b. denied Plaintiff's several requests for emergency dental care within the relevant timeframe when the filling became loose.

c. created a situation where the delayed treatment permanently damaged Plaintiff's tooth.

**Answer**: Defendants deny the allegations contained in Paragraph 18.

19. As a direct and proximate result of the Defendants' deliberate indifference to his health, safety and dental needs, Plaintiff has been injured. 20. As a direct and proximate result of the deliberate indifference of the Defendants, Plaintiff was exposed to a risk of serious damage to his future health.

**Answer**: Defendants deny the allegations contained in Paragraph 19.

21. As a direct and proximate result of the acts and omissions of the Defendants, the Plaintiff has sustained injuries and will in the future incur injuries and damages.

**Answer**: Defendants deny the allegations contained in Paragraph 20.

WHEREFORE, the Plaintiff demands judgment against the Defendants; attorney's fees, and reasonable incurred in this litigation.

**Answer**: Defendants deny the allegations that Plaintiff is entitled to judgment against Defendants and deny that Plaintiff is entitled to any damages as a result thereof.

### **AFFIRMATIVE DEFENSES**

Defendants, Correctional Officer Wicz, Sergeant Judge, and DDS Jack Liu, (hereinafter referred to as "Defendants"), through their attorney KIMBERLY M. FOXX, State's Attorney of

Cook County, by her Assistant State's Attorney, Michael P. Gorman, set forth the following affirmative defenses:

1. Defendants' conduct was at all times objectively reasonable and did not violate any of Plaintiff's clearly established Constitutional Rights. Accordingly, Defendants are entitled to the defense of qualified immunity.

2. To the extent that Plaintiff seeks punitive damages in this action, local governments are immune from punitive damages liability under § 1983. *See City of Newport v. Fact Concerts*, 453 U.S. 247 (1981). Therefore, to the extent the Defendants are named in their official capacity, Defendants are immune from having to pay punitive damages to Plaintiff.

3. To the extent Plaintiff is making any claims under Illinois law, Defendants are immune from Plaintiff's claims under 745 ILCS 10/2-109 of the Illinois Tort Immunity Act which provides as follows: "A local public entity is not liable for an injury resulting from an act or omission of its employee where the employee is not liable." 745 ILCS 10/2-109.

4. To the extent Plaintiff is making any claims under Illinois law, Defendants are immune from Plaintiff's claims under 745 ILCS 10/2-204 of the Illinois Tort Immunity Act which provides as follows: "Except as otherwise provided by statute, a public employee, as such and acting within the scope of his employment, is not liable for any injury caused by the act or omission of another person." 745 ILCS 10/2-204.

5. To the extent Plaintiff is making any claims under Illinois law, Defendants are immune under 745 ILCS 10/4-103 of the Illinois Tort Immunity Act, which confers on public employees immunity from liability "for failure to provide a jail, detention or correctional facility, or if such facility is provided, for failure to provide sufficient equipment, personnel, supervision

or facilities therein. Nothing in this Section requires the periodic inspection of prisoners." 745 ILCS 10/4-103.

6. To the extent Plaintiff is making any claims under Illinois law, Defendants are immune under 745 ILCS 10/6-105 of the Illinois Tort Immunity Act, which confers on public entities and public employees immunity from liability "for injury caused by the failure to make a physical or mental examination, or to make an adequate physical or mental examination of any person for the purpose of determining whether such person has a disease or physical or mental condition that would constitute a hazard to the health or safety of himself or others." 745 ILCS 10/6-105.

7. To the extent Plaintiff is making any claims under Illinois law, Defendants are immune under 745 ILCS 10/6-106 of the Illinois Tort Immunity Act, which confers on public entities and public employees immunity when one is "acting within the scope of his employment," and there is an "injury resulting from diagnosing or failing to diagnose that a person is afflicted with mental or physical illness or addiction or from failing to prescribe for mental or physical illness or addiction." 745 ILCS 10/6-106(a). Further, local public entities and public employees are not liable when acting within the scope of employment and "administering with due care the treatment prescribed for mental or physical illness or addiction." 745 ILCS 10/6-106(b).

8. To the extent Plaintiff is making any claims under Illinois law, Defendants are immune under 745 ILCS 10/6-109 of the Illinois Tort Immunity Act, which confers on public entities and public employees immunity when acting in the scope of one's employment and there is an "injury resulting from the failure to admit a person to a medical facility operated or maintained by a local public entity." 745 ILCS 10/6-109.

9. To the extent it is revealed that Plaintiff failed to take reasonable measures to mitigate his alleged injuries and damages, those facts shall be presented to preclude recovery for Plaintiff.

10. Defendants reserve the right to assert other affirmative defenses as they become known through further discovery or otherwise in this action.

## JURY DEMAND

Defendants respectfully request a trial by jury.

WHEREFORE, based on the foregoing, Defendants deny that Plaintiff is entitled to any relief, including but not limited to damages, costs, or attorneys' fees. Defendants pray that this Honorable Court grant judgment in their favor and against Plaintiff on all aspects of his First Amended Complaint and further request that this Honorable Court grant judgment of the Defendants' fees, costs and such other relief that this Court deems just and appropriate.

                Respectfully Submitted,

                KIMBERLY M. FOXX
                State's Attorney of Cook County

By:   */s/ Michael P. Gorman*
        Michael P. Gorman
        Assistant State's Attorney
        500 Richard J. Daley Center
        Chicago, IL 60602
        (312) 603-4366
        michael.gorman@cookcountyil.gov